Hughes Tool Company (formerly Hughes Industries Company, Ltd.) v. Commissioner. Hughes Tool Company v. Commissioner.
Hughes Tool Co. v. Commissioner
Docket Nos. 103670, 106359.
United States Tax Court
1945 Tax Ct. Memo LEXIS 66; 4 T.C.M. (CCH) 902; T.C.M. (RIA) 45300; October 3, 1945
LEECH
Memorandum and Decision LEECH, Judge: These proceedings came on for a hearing on September 6, 1945, under Rule 50, for a redetermination of the deficiencies in accordance with the Mandate of the United States Circuit Court of Appeals for the Fifth Circuit. At this hearing the following additional facts were stipulated: In Docket No. 103670, relating to the year 1936, a tax was paid in the amount of $10,293.50, with interest of $1,662.19, on December 7, 1939; and on April 20, 1944, tax was paid in the amount of $159,082.49, and interest of $67,610.06. *67 In Docket No. 106359, relating to the year 1937, tax in the amount of $595,725.94, with interest of $217,439.97, was paid on April 20, 1944. Both parties have filed recomputations. The only controversy arises with respect to the amount of the credits allowable in the computation of the surtax on undistributed profits for the respective taxable years under section 26 of the Revenue Act of 1936. In the computations filed by the petitioner, credits of $407,009.51 for the year 1936, and $2,392,443.56 for the year 1937, are claimed. The respondent contends that the credits allowable are $100,000 for the year 1936 and $400,000 for the year 1937. The provision of the contract material to the question presented reads as follows: 4. The Company will not pay nor advance to its stockholders, as dividends or otherwise, nor to its subsidiary companies except for the necessary regular business operations of such subsidiaries, more than one-half (1/2) of its net earnings before depreciation per quarter, over and above the sum of One Hundred Thousand Dollars ($100,000.00) per quarter, which said sum of One Hundred Thousand Dollars shall be set aside for the purpose of liquidating serially *68 the notes of this series as they shall severally mature. The Circuit Court of Appeals for the Fifth Circuit in reversing this Court held that by virtue of this provision of the contract petitioner was entitled to the benefit of section 26 (c) (1) of the Revenue Act of 1936. That court directed that "the surtaxes in controversy be redetermined with such credits as the contract with the banks may require, as if the corporations which made it had continued undissolved." The respondent argues that the provision of the contract above quoted would seem to fall within the provisions of both subdivisions (c) (1) and (c) (2) of section 26. The Circuit Court of Appeals having determined that petitioner is entitled to the benefits of (c) (1), we are bound thereby. Assuming that the provision of the contract also falls within section (c) (2), subdivision (c) (3) requires the allowance of the larger credit, which in the instant case is that allowable under (c) (1). Respondent contends that to allow a credit of $407,009.51 upon an unpaid indebtedness of $100,000 in 1936, and a credit of $2,392,443.56 against an obligation of $400,000 for 1937, produces an unreasonable result. However that *69 may be, we have no alternative except to comply with the Mandate of the Circuit Court of Appeals. We conclude that the recomputations filed by petitioner are in accordance with that Mandate and are adopted. Accordingly, it is ORDERED AND DECIDED: That in Docket No. 103670 there is no deficiency and petitioner has made an overpayment in tax for the year 1936 in the amount of $143,729.04, which payment was made after the mailing of the notice of deficiency, (Sec. 809 (a), Revenue Act of 1938), and in Docket No. 106359 there is no deficiency, and petitioner has made overpayment in tax for the year 1937 in the amount of $822,208.43, of which $9,042.52 was paid within three years before the filing of the petitioner, and $813,165.91 was paid after the mailing of the notice of deficiency, (Sec. 809 (a), Revenue Act of 1938).